SATTERFIELD *v.* GEORGE.

Opinion delivered October 9, 1922.

1. APPEAL AND ERROR—FINDING ON CONFLICTING TESTIMONY.—A finding of the trial court on conflicting oral testimony on issue of fact will not be disturbed.

2. ATTACHMENT—INSUFFICIENCY OF LEVY—WAIVER.—Where plaintiff in attachment consented to a levy as made by the sheriff and made no objection thereto until after final judgment against the attachment defendant, he could not thereafter complain that the sheriff had made an insufficient levy.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*John M. Parker,* for appellant.

The writ commanded the sheriff to attach and safely keep the crop of corn, cotton, etc., of the defendant, etc., and the sheriff in his return stated: "I have duly served same by taking charge of the within named crop and holding same subject to the orders of the court, as herein commanded." Plaintiff had the right to rely, and did rely, on this return as correct.

In the face of his return that he had levied on the crop as commanded, it was not competent to contradict

the same by oral proof that this return was not true and that he had in fact only levied on one hundred bushels out of the two hundred and fifteen bushels subject to levy. 4 Ark. 184; 5 Ark. 665; *Id.* 375.

McCulloch, C. J. Appellant instituted an action in the circuit court of Yell County (Dardanelle district) against his tenant, A. S. Haney, to recover the sum of $1,100, alleged to be due as rent of land, and caused to be issued and delivered to appellee, as sheriff of the county, a writ of attachment commanding him to attach and safely keep all of the crops of cotton, corn and other products grown on the farm by defendant Haney.

Appellee, through his deputy, Elmer Warren, proceeded to levy the attachment, and took into his possession one hundred bushels of corn and made a return on the writ showing that he had levied upon the crop as therein commanded. Neither the writ of attachment nor the return thereon specified the number of bushels of corn to be taken, or which the sheriff took, under the writ.

No objection was made to the officer's return until after judgment in the action was rendered in appellant's favor against defendant Haney, and then appellant filed a petition for mandamus, alleging that the sheriff had only taken one hundred bushels of corn, when, in truth and fact, there were two hundred and fifteen bushels of the corn, and praying that the sheriff be compelled to take the balance of the corn into his possession and sell it.

There was a trial before the court of the issues presented by the petition, and oral testimony was adduced, and the court found the issues in favor of appellee, the sheriff, as against appellant's petition. Appellant introduced testimony tending to show that at the time the attachment was issued and levied by the sheriff the quantity of corn raised by the tenant and in his possession was two hundred and fifteen bushels, but that the sheriff had only levied on one hundred bushels, and refused to levy on any more. The testimony introduced by appellant also tended to show that he did not

consent in any way for the sheriff to levy on any less quantity than the full amount in the tenant's possession.

On the other hand, Warren, who levied the writ of attachment, testified that when he received the writ he went out to see the appellant and requested him to go along and point out the property to be taken, but that appellant declined to go and stated that Haney would point out the "stuff" to be levied on. The witness testified that when he reached the farm where Haney lived the latter stated that he had only sixty-five or seventy bushels of corn on which appellant had a claim, but that he was willing to turn over one hundred bushels, and did turn over that quantity; that witness reported this to appellant, and that appellant made no objection to the levy. Witness stated that his understanding from appellant was that the levy was satisfactory, and that no objection was made until after the judgment was rendered in the suit against Haney. The witness was asked, on cross-examination, if appellant and his attorney did not insist from the very start that the witness had not levied on all the corn and that he should go back and make another levy, but the witness positively denied that there was any such insistence on the part of appellant or his attorney.

Haney also testified as a witness and stated that at the time of the levy he had left only about sixty-five or seventy bushels of the corn against which appellant had a rent lien, and that he turned over one hundred bushels in order to obviate a controversy.

Pretermitting a discussion of the question whether or not appellant has adopted the proper remedy, it is sufficient to say that the issue of fact tendered by appellant was heard by the court upon oral testimony and that it was conflicting, and it was sufficient to sustain the finding of the court. If appellant consented to the levy made by the sheriff and reported in his return, and made on objections thereto until after final judgment in the cause, he would not be heard to complain that the sheriff had made an insufficient levy.

According to appellant's own testimony, he knew before the trial of the main cause that, notwithstanding the return of the sheriff had not specified any particular quantity, only one hundred bushels of corn had been taken, and if he considered that this was an insufficient levy he could have made a seasonable attack upon it. And if, as stated by the witness Warren, he consented to the compromise involved in the levy of the writ, he could not thereafter repudiate it and insist on another levy of the same writ for an additional quantity of corn.

According to Warren's testimony, there was an execution issued on the judgment after it was rendered, and appellant placed the writ in his hands, but later directed him not to serve it, for the reason that defendant Haney would schedule his property as exempt.

As before stated, the issue of fact has been decided against appellant, and we think the decision is based upon sufficient evidence.

Affirmed.